LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JUAN REYNOSO,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

Plaintiff,

v.

WESTVILLE RESTAURANT, INC.
d/b/a Westville East,
HURRICANE STRAUSS, INC.
d/b/a Westville Chelsea,
JAY'S NICKELS AND DIMES, INC.
d/b/a Westville West,
LAYLA TOV INC
d/b/a Westville Hudson,
DIRTY BOOTS INC.
d/b/a Westville Dumbo,
WESTVILLE WALL STREET INC
d/b/a Westville Wall Street,
and JAY STRAUSS,

Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff JUAN REYNOSO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants WESTVILLE RESTAURANT, INC. d/b/a Westville East, HURRICANE

STRAUSS, INC. d/b/a Westville Chelsea, JAY'S NICKELS AND DIMES, INC. d/b/a Westville West, LAYLA TOV INC d/b/a Westville Hudson, DIRTY BOOTS INC. d/b/a Westville Dumbo, WESTVILLE WALL STREET INC d/b/a Westville Wall Street, (collectively "Corporate Defendants") and JAY STRAUSS (the "Individual Defendant," and together with Corporate Defendants, "Defendants") and states as follows:

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premium due to time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premium due to time-shaving, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

**PARTIES**

5. Plaintiff JUAN REYNOSO, for all relevant time periods, was a resident of Bronx County, New York.

6. Defendants operate six (6) restaurants under the trade name "Westville" at the following locations:

a. 210 W 10th Street, New York, NY 10014; ("Westville West")

b. 173 Ave A, New York, NY 10009; ("Westville East")

c. 81 Washington Street, Brooklyn, NY 11201; ("Westville Dumbo")

d. 333 Hudson Street, New York, NY 10013; ("Westville Hudson")

e. 246 W 18th Street, New York, NY 10011; ("Westville Chelsea")

f. 110 Wall Street, New York, NY 10005 ("Westville Wall Street")

Collectively, the restaurants listed above are referred to herein as the "Westville Restaurants."

7. The Westville Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

(a) Individual Defendant, JAY STRAUSS is the owner and principal of each Corporate Defendants.

(b) The Westville Restaurants are advertised jointly as a common enterprise on Defendants' website:http://www.westvillenyc.com.The Website's "locations/delivery" page lists all of the Restaurants' addresses and contact numbers, and it also provides locations on Google Map.

(c) Supplies and employees are interchangeable amongst Westville Restaurants' locations and implement the same employment policies and practices across all the Westville Restaurants.

(d) The Westville Restaurants' commonly serve traditional American food and share similar décor and appearance, while using the same logo.

8. Corporate Defendant, WESTVILLE RESTAURANT, INC., d/b/a Westville East is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 173 Avenue A, New York, NY 10009 and an address for service of process located at 173 Avenue A, New York, New York 10009.

9. Corporate Defendant, HURRICANE STRAUSS, INC. d/b/a Westville Chelsea is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 246 West 18th Street, New York, NY 10011 and an address for service of process located at 246 West 19th Street, New York, NY 10011.

10. Corporate Defendant, JAY'S NICKELS AND DIMES, INC., d/b/a Westville West is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 210 West 10th Street, New York, NY 10014

11. Corporate Defendant, LAYLA TOV INC d/b/a Westville Hudson is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 333 Hudson Street, New York, NY 10013.

12. Corporate Defendant, DIRTY BOOTS INC. d/b/a Westville Dumbo is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 81 Washington Street, Western Ground Floor, Brooklyn, NY 11201 and an address for service of process located at 151 West 19th Street, 3rd Floor, New York, NY 10011.

13. Corporate Defendant, WESTVILLE WALL STREET INC d/b/a Westville Wall Street is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 110 Wall Street, New York, NY 10005 and an address for service of process located at 151 West 19th Street, Third Floor, New York, NY 10011.

14. Individual Defendant, JAY STRAUSS, is the principal and owner of Corporate Defendants. JAY STRAUSS exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. JAY STRAUSS had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (vi) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to JAY STRAUSS regarding any of the terms of their employment, and JAY STRAUSS would have the authority to affect any changes to the quality and terms of employees' employment. JAY STRAUSS regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. JAY STRAUSS ensured that employees effectively served customers and that the business was operating efficiently and profitably. JAY STRAUSS exercised functional control over the business and financial operations of Corporate Defendants.

15. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

16. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the business operated by the Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

17. Plaintiff brings claims for relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, porters, food preparers, cooks, dishwashers, bussers, waiters and food runners) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium due to time-shaving at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claim of Plaintiff stated herein is essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA §16(b), 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to, porters, food preparers, cooks, dishwashers, bussers, waiters and food runners) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of the Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are

readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay overtime premium due to time-shaving, and (ii) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for a fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear or direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York Labor Law;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type of work and labor for which Defendants did not pay the Class members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d. Whether Defendants provided to Plaintiff and Class members proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law;

e. Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law;

f. Whether Defendants properly compensated Plaintiff and Class members for off-the-clock work under state and federal law; and

g. Whether Defendants properly compensated Plaintiff and Class members for overtime work under New York Labor Law.

## STATEMENT OF FACTS

27. In or about January 2008, Plaintiff was hired by Defendants to work as a porter at Defendants' Westville East Restaurant located at 73 Avenue A, East 10th and 11th Street, New York, NY 10009 ("Westville East"). In June 2010, Plaintiff was transferred to Defendants'

Westville Chelsea Restaurant located at 246 West 18th St, New York, NY 10011 ("Westville Chelsea"), until the termination of his employment on or about December 2017.

28. Throughout his employment, Plaintiff worked a regular schedule of eight (8) hours a day from 11:00 a.m. to 7 p.m., for six (6) days a week for a total of forty-eight (48) hours per week without a lunch break. In addition,Plaintiff also had to work 15-20 minutes off the clock two times per week.

29. From the beginning of his employment until in or about January 2011, Plaintiff was paid a base hourly rate of $7.25 per hour, including hours worked over 40 per workweek. From in or about June 2013 until in or about January 2014, Plaintiff was paid a base hourly rate of $8.00 per hour, including hours worked over 40 per workweek. From in or about January 2014 until in or about January 2015, Plaintiff was paid a base hourly rate of $9.00 per hour, inlcuding hours worked over 40 per workweek. From in or about January 2015 until in or about March 2016, Plaintiff was paid a base hourly rate of $11.00 per hour, including hours worked over 40 per workweek. From in or about March 2016 until the end of his employment with Defendants, Plaintiff was paid a base hourly rate of $12.00 per hour, including hours worked over 40 per workweek.

30. Although Plaintiff regularly worked over forty (40) hours per week, Defendants never paid him at the required overtime premium rate.

31. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff overtime premiums for all hours worked due to time shaving.

32. During Plaintiff's employment, Defendants did not provide Plaintiff, FLSA Collective Plaintiffs and Class members with proper wage and hour notices required by the FLSA and NYLL.

33. During Plaintiff's employment, Defendants did not provide Plaintiff, FLSA Collective Plaintiffs and Class members with proper wage statements required by FLSA and NYLL.

34. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

35. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

36. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

37. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

38. At all relevant times, Defendants had a gross annual revenue in excess of $500,000.00.

39. Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them for all hours worked due to a policy of time-shaving.

40. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

41. Defendants are in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages and unpaid off-the-clock wages plus an equal amount as liquidated damages.

45. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

46. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §2 and 651.

48. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

49. Defendants willfully violated Plaintiff and Class members' rights by failing to pay them all hours worked due to a policy of time-shaving.

50. Defendants failed to provide the wage and hour notice, at the date of hiring and annually, to all non-exempt employees required by New York Labor Law.

51. Defendants failed to provide proper wage statements that reflected the actual hours worked with every payment as required by New York Labor Law § 195(3).

52. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime premium, unpaid wages due to time-shaving, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

g. Am award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and compensation for all hours worked pursuant to the New York Labor law;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representatives of Class; and

l. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 19, 2018

Respectfully submitted,

By: *__/s/ C.K. Lee__________________*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*